IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCELIA FLORES, *et al.*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-00769 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Defendant Allstate Texas Lloyd's Motion for Summary Judgment, or Alternative Motion for Partial Summary Judgment (Doc. No. 14). Having considered the motion, all responses, and the summary judgment evidence before the Court, the Court herein denies the motion.

This suit arises out of Plaintiffs' 2015 insurance claim for alleged storm damage to their house. After a storm allegedly damaged their house in August 2015, Plaintiffs filed an insurance claim on January 25, 2016. (Doc. No. 14 at 9). Upon evaluation of the house, Allstate sent a claim denial letter to Plaintiffs on January 28, 2016. (Doc. 15-1 at 72). Allstate did not take any further action. (Doc. No. 14 at 9). On August 16, 2017, Plaintiffs filed this lawsuit against Allstate contesting the denial. (Doc. No. 1-3). Plaintiffs' counsel elected to effectuate service privately but did not serve Allstate with the summons and citation. (Doc. No. 14 at 9). On February 8, 2018, Plaintiffs filed their First Amended Petition. (Doc. No. 1-4). On February 12, 2018, Allstate was served for the first time. (Doc. No. 1-5). Allstate filed its answer to Plaintiffs' First Amended Petition on November 26, 2018. (Doc. No. 11). On June 3, 2019, Allstate filed a Motion for Summary Judgment based on the affirmative defense of statute of limitations. (Doc. No. 14).

In its Motion for Summary Judgment, Allstate alleges that because it was served after the statute of limitations expired, the suit is barred by the statute of limitations. (*Id.* at 10). While Plaintiffs dispute the date that the statute of limitations began accruing, they primarily contend that because Allstate did not sufficiently plead the affirmative defense in its answer, the issue is not fairly before the court. (Doc. No. 17 at 5–6).

Federal Rule of Civil Procedure 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced." *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). In a diversity action, substantive state law determines what constitutes an affirmative defense. *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007). In Texas, the statute of limitations defense is an affirmative defense. TEX. R. CIV. P. 94. Generally, the defendant must raise the affirmative defense in a pretrial proceeding. FED. R. CIV. P. 8(c); *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986). Even if the affirmative defense is not specifically raised in the original answer, the defendant does not waive the "affirmative defense if it is raised at a 'pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'" *Rogers*, 521 F.3d at 386 (quoting *Arismendez*, 493 F.3d at 610). When the affirmative defense is not specifically pleaded, a pleading may be sufficient if a cause of action or defense may be reasonably inferred from what is specifically stated. *Crockett v. Bell*, 909 S.W.2d 70, 72 (Tex. App.—Houston [14th Dist.] 1995).

"'Although absolute specificity in pleading is not required, fair notice of the affirmative defense is.'" *Tran v. Thai*, Civ. A. No. H-08-3650, 2010 WL 723633, at *1 (S.D. Tex. Mar. 1, 2010) (quoting *Automated Med. Labs v. Armour Pharm. Co.*, 629 F.2d 1118, 1122 (5th Cir. 1980)). A plaintiff has fair notice when the defense is sufficiently described so that the plaintiff

2

is not "a victim of unfair surprise." *U.S. ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 520 (S.D. Tex. 2015) (citing *Home Ins. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). In some cases, merely pleading the name of the affirmative defense will suffice as fair notice. *Solvay*, 304 F.R.D. at 510 (citing *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)).

Plaintiffs argue that Allstate's affirmative defense was not sufficiently pleaded because Plaintiffs did not have fair notice of the statute of limitations affirmative defense and were unfairly surprised. Allstate did not specifically raise the statute of limitations in its answer. Instead, Allstate included the broad response that:

> By way of additional defense, Defendant pleads and incorporates herein all terms, provisions, and conditions of the Policy of Insurance, whether specifically stated herein or not, and may rely on any of the terms found therein for defenses and limitations of payments . . . The Defendant specifically asserts, without being limited to, the following language contained in Plaintiff's policy.

(Doc. No. 11 at 7).

Allstate then proceeded to quote multiple provisions of the insurance contract amounting to almost four pages of Plaintiff's insurance policy. (*Id.* at 7–11). The last provision that Allstate quoted was section 11, the contractual term providing for a two years and one day statute of limitations on suits that can be brought against Allstate. (*Id.* at 11).

This broad inclusion of any defenses that could possibly be contained in Plaintiff's policy does not suffice as fair notice of a statute of limitations affirmative defense. *See Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, 418 F. App'x 327, 329–31 (5th Cir. 2011) (Defendant's broad invocation of "all provisions, limitations, exclusions, and endorsements" stated in the insurance policy did not sufficiently plead an affirmative defense of policy exclusions). Furthermore, Allstate specifically pleaded other specific defenses both before and after the quoted policy language but did not include the affirmative defense of limitations. (Doc.

No. 11 at 6–7, 11). It would not be fair to expect Plaintiff to glean a statute of limitations defense when it appears to be vaguely hidden separate and apart from other, more specifically pleaded defenses.

Since Allstate did not sufficiently plead the affirmative defense of statute of limitations in its answer, Allstate's Motion for Summary Judgment (Doc. No. 14) is **DENIED**.

IT IS SO ORDERED.

Signed at Houston, Texas, this 6th day of August, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE