United States District Court
Southern District of Texas
**ENTERED**
November 14, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCELIA FLORES, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-769 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Defendant Allstate Texas Lloyds' ("Allstate") Second Motion for Summary Judgment (Doc. No. 26). Plaintiffs Areclia and Wil Flores have not responded, and the time in which to do so has passed. Having considered Plaintiffs' First Amended Petition, the Motion for Summary Judgment, and applicable law, the Court hereby **GRANTS** Allstate's Second Motion for Summary Judgment.

### I.  Background

In May 2015, Plaintiffs obtained a homeowner's insurance policy through Allstate (the "Policy"). (Doc. No. 26, Ex. A–1). A storm allegedly damaged both the interior and exterior of Plaintiffs' house in August 2015. (Doc. No. 1, Ex. 4 at 3). Plaintiffs filed a claim on the Policy on January 25, 2016. (Doc. No. 26, Ex. A–2). Allstate sent an insurance adjuster, Baxter Fullen, to evaluate Plaintiffs' home two days later. (*Id.*).

The day after Fullen evaluated the house, Allstate sent Plaintiffs: (1) an estimate for covered damages to the exterior of the residence; and (2) a claim denial letter as to the house's internal damage.[1] (*See id.*; *see also* Doc. No. 26, Ex. A–3). Allstate did not take any further

---

[1] Allstate explained that it was denying coverage under Section I, paragraph 3 verse b of the Policy (Doc. No. 26, Ex. A–3), which states: "[the Policy] does not cover . . . loss caused by rain, snow, sand or dust, whether or not

action. Plaintiffs assert that Fullen "conducted substandard inspections" and "failed to include all of the damages." (Doc No. 1, Ex. 4 at 3). The First Amended Petition also denies receiving a "report or estimate for the exterior damage" from Allstate. (*Id.*).

On August 16, 2017, Plaintiffs filed this lawsuit in the District Court of Fort Bend County, Texas. (Doc. No. 1–3). Plaintiffs' counsel did not serve Allstate with the summons and citation. In February 2018, Plaintiffs filed their First Amended Petition. (Doc. No. 1–4). This is when Allstate was served for the first time. (Doc. No. 1–5).

In the First Amended Petition, Plaintiffs asserted the following claims: (1) breach of contract; (2) noncompliance with the Texas Insurance Code by engaging in unfair settlement practices under Chapter 541 of the Texas Insurance Code ("Chapter 541 Claims"); (3) noncompliance with Chapter 542 of the Texas Insurance Code by not issuing prompt payment of claims ("Chapter 542 Claims"); (4) breach of the duty of good faith and fair dealing; and (5) fraud. (Doc. No. 1–4 at 7–10). Allstate removed the case to this Court based on diversity jurisdiction. (Doc. No. 1).

Allstate initially filed a summary judgment motion on the grounds that: (1) the case is barred by statute of limitations; and (2) Plaintiffs failed to timely designate experts and thus cannot prove causation or damages. (Doc. No. 14). Plaintiffs subsequently filed a Notice of Serving Expert Designation on June 24, 2019 – nearly three months after the Court's Scheduling Order mandated. (*See* Doc. No. 16).

Allstate moved to strike that designation and exclude Plaintiff's experts (Doc. No. 20), which the Court granted. (Doc. No. 22). The Court also denied Allstate's initial Motion for Summary Judgment on the statute of limitations issue. (Doc. No. 23). It, however, gave Allstate

---

driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall and the rain, snow, sand or dust enters through this opening and causes the damage." (Doc. No. 26, Ex. A–1 at 35).

leave to file a second summary judgment motion on the merits by August 23, 2019. (Doc. No. 25). Plaintiffs were given until September 6, 2019 to respond. (*Id.*). Allstate timely filed its Second Motion for Summary Judgment (Doc. No. 26). Plaintiffs did not respond.

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once a movant submits a properly supported motion, the burden shifts to the nonmovant to show that the court should not grant the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25 (1986). The nonmovant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Allstate's motion by the Court's September 6, 2019 deadline. (*See* Doc. No. 25). Therefore, the local rules would allow the Court to grant Allstate's motion as it should be considered unopposed.

That being said, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not

approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). In other words, where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988).

A court is, however, permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, Plaintiffs have not filed a response to the motion and their pleadings are not verified, and, therefore, Plaintiffs have presented no summary judgment evidence to dispute Allstate's version of the facts or their arguments supporting summary judgment. *Stone v. United States*, No. Civ. A. 1:09-CV-427, 2011 U.S. Dist. LEXIS 95105, 2011 WL 3652758, *2 (E.D. Tex. July 22, 2011).

### III. Analysis

#### A. Breach of Contract

Under Texas law, "[t]he elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance tendered by the plaintiff; (3) breach of the contract by defendant; and (4) damages to the plaintiff resulting from that breach." *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no pet.). "[F]or an insurance company to be liable for a breach of its duty to satisfy a claim presented by its insured, the insured must prove that its claim falls within the insuring agreement of the policy." *Data*

*Specialties, Inc. v. Transcon. Inc. Co.*, 125 F.3d 909, 911 (5th Cir. 1997); *see also Hamilton Props. v. Am. Ins. Co.*, 643 F. App'x 437, 439 (5th Cir. 2016). Simply put, an "insured is liable only for losses covered by the policy." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018).

Allstate's summary judgment evidence shows that it gave Plaintiffs an estimate for damage covered by the Policy. (*See* Doc. No. 26, Ex. A–2). Moreover, Allstate provided its claim denial letter, which states it declined Plaintiffs' claim for interior damage because such damage was excluded from the Policy. (*See* Doc. No. 26, Ex. A–3; *see also* Doc. No. 26, A–1 at 35). These facts establish that Allstate offered to pay losses covered by the Policy and refused those that were excluded. The burden thus shifted to Plaintiffs to show a material fact issue exists as to the breach element. *See Celotex*, 477 U.S. at 321–25. They did not respond and thus presented no evidence to overcome Allstate's summary judgment motion.

Additionally, Allstate correctly notes that Plaintiffs have no evidence of damages. "An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy." *See also Seger v. Yorkshire Ins. Co.*, 503 S.W. 388, 396 (Tex. 2016) (citation omitted). "When covered and excluded perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lowen Valley View*, 892 F.3d at 170 (quoting *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993)). "Failure to provide evidence upon which a jury or court can allocate damages between those that resulted from covered perils and those that did not is fatal to an insured party's claim." *Hamilton Props.*, 643 F. App'x at 441 (quoting *Nat'l Union Fire Ins. v. Puget Plastics Corp.*, 735 F. Supp. 2d 650, 669 (S.D. Tex. 2010)).

Plaintiffs has no expert witnesses that can establish causation or apportion damages between those covered by and excluded by the Policy. Moreover, there is no evidence at supporting any damages whatsoever. The Court thus must grant Allstate's Motion as to Plaintiffs' breach of contract claim.

## B. Plaintiffs' Non-Contractual Claims

Plaintiff's also asserts causes of action for Chapters 541 and 542 Claims, breach of the duty of good faith and fair dealing, and fraud. (*See* Doc. No. 1–4). These claims all relate to Allstate's alleged failure to pay insurance benefits. Since the Court is granting Allstate's Motion on the breach of contract claim, it must also grant summary judgment on these causes of action.

Under Texas law, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (citing *Progressive Cty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 921 (Tex. 1995) (per curiam). This applies to alleged violations of the Texas Insurance Code (such as Chapters 541 and 542 Claims). *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) ("The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy."); *Lown Valley View*, 892 F.3d at 172; *see also* TEX. INS. CODE § 542.060(a). Likewise, a claim for a breach of the duty of good faith and fair dealing is generally not available when an insurer does not breach the insurance policy. *See Hamilton Props.*, 643 F. App'x at 442; *see also Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997). Finally, fraud has also been considered an "extra-contractual" claim that cannot survive when the issue of coverage is resolved in the insurer's favor. *See Page*, 315 S.W.3d at 527, 532.

The exception to the general extra-contractual claims rule is when the insurer commits an act, so extreme, that would cause injury independent of the policy claim. *See Menchaca*, 545 S.W.3d at 499; *see also Stoker*, 903 S.W.2d at 341. The damages must be "truly independent of the insured's right to receive policy benefits." *Menchaca*, 545 S.W.3d at 500. "When an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Id.* (citations omitted).

After reviewing all the evidence in the light most favorable to Plaintiffs, it is clear that Allstate has sustained its burden of establishing the absence of evidence to support any of the non-contractual claims. Plaintiffs have failed to allege or provide summary judgment evidence to raise a genuine issue of fact that they suffered an injury independent of their policy claim. The First Amended Petition makes clear that each of the claims "are predicated on," "flow from," or "stem from" Allstate's alleged breach of contract. *See id.* Accordingly, because the Court is ruling in Allstate's favor on the contract claim, Plaintiffs remaining claims cannot survive summary judgment either. *See id.*; *see also Page*, 315 S.W.3d at 532; *Lowen Valley View*, 892 F.3d at 172.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Allstate Texas Lloyd's Second Motion for Summary Judgment.

Signed at Houston, Texas, this 14 day of November, 2019.

Andrew S. Hanen
United States District Judge